# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ISMAEL MIRANDA, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 13 C 4623 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Ismael Miranda's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Miranda's Section 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

Beginning no later than 2007 and continuing until 2010, Miranda and another individual, Joel Rivas, were involved in a conspiracy to distribute cocaine and marijuana. In early 2010, a confidential source informed Elgin, Illinois police that Miranda and Rivas were selling cocaine and marijuana out of a storage unit located in Elgin. Thereafter, on February 12 and 16, 2010, the confidential source made two controlled buys of cocaine and marijuana from Rivas at the storage unit. On the basis of the controlled buys and information provided by the confidential source, Elgin police obtained a search warrant for the storage unit, after which the police executed the warrant on February 18, 2010. During the search of the storage unit, Elgin police officers recovered approximately 220 grams of cocaine, 460 grams of marijuana, and two

firearms, as well as drug trafficking paraphernalia. Later that evening, Elgin police officers conducted a consensual search of Miranda's home recovering a third handgun.

Elgin police officers arrested Miranda and he was charged with several state drug and firearm offenses in the Circuit Court of Kane County. The state subsequently dismissed the charges after a federal grand jury handed down a five-count federal indictment against Miranda and Rivas in July 2010. The February 1, 2011, superseding indictment charged Miranda with: (1) conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and marijuana in violation of 21 U.S.C. § 846 (Count One); (2) possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); and (4) three counts of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Counts Four, Five, and Six). On September 20, 2011, Miranda pleaded guilty to Counts One and Four of the superseding indictment pursuant to a written plea agreement. On January 11, 2012, the Court sentenced Miranda to 240 months in prison, which was below the applicable sentencing guidelines range.

After filing a notice of appeal, Miranda's court-appointed appellate counsel filed a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Miranda then filed a pro se response to counsel's *Anders* motion and brief pursuant to Seventh Circuit Rule 51(b) arguing that (1) his conviction pursuant to 18 U.S.C. § 922(g)(1) violated the Ex Post Facto Clause of the Constitution, (2) his conviction under 21 U.S.C. § 846 violated the Commerce Clause of the Constitution; (3) his plea of guilty was not knowingly and intelligently given, and (4) his sentence was unreasonable. On November 8, 2012, the Seventh

2

Circuit granted appellate counsel's *Anders* motion to withdraw and dismissed Miranda's appeal.

## LEGAL STANDARD

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007); *see also Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Under Section 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). As such, a Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley*, 523 U.S. at 621 (relief under 2255 "will not be allowed to do service for an appeal"); *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted).

If a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Turner v. United States,* 693 F.3d 756, 758 (7th Cir. 2012), or that enforcing the procedural default would lead to a fundamental miscarriage of justice requiring a showing of actual innocence. *See McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 1932 (2013); *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012). Because claims of ineffective assistance of counsel often involve evidence outside of the

trial record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Waltower,* 643 F.3d 572, 579 (7th Cir. 2011).

## ANALYSIS

Construing Miranda's pro se Section 2255 motion liberally, *see Ray v. Clements,* 700 F.3d 993, 1003 (7th Cir. 2012), he argues that his trial counsel was constitutionally ineffective for advising him to plead guilty because (1) his conviction under 18 U.S.C. § 922(g)(1) violated the Ex Post Facto Clause of the United States Constitution and (2) his convictions under 21 U.S.C. §§ 841, 846, and 922(g)(1) violated the Commerce Clause and the Tenth Amendment.

To establish constitutionally ineffective assistance of trial counsel, Miranda must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li v. United States,* 648 F.3d 524, 527-28 (7th Cir. 2011). To establish prejudice, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," instead trial counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011) (quoting *Strickland,* 466 U.S. at 687, 693). In the context of a guilty plea, the United States Supreme Court has articulated that "a defendant who pleads guilty upon the advice

4

of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received was constitutionally ineffective." *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quotations omitted). In this context, under the prejudice prong of the *Strickland* standard, Miranda "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Warren v. Baenen,* 712 F.3d 1090, 1101 (7th Cir. 2013).

   A.   **Ex Post Facto Argument**

The Court first turns to Miranda's argument that his counsel was constitutionally ineffective for advising him to plead guilty to one count of unlawful possession of a firearm in violation of Section 922(g)(1) based on the Ex Post Facto Clause of the Constitution. As the Seventh Circuit explained in its decision granting Miranda's appellate counsel's *Anders* motion, it is well-established that Section 922(g)(1) is not an ex post facto law. *See United States v. Miranda,* 484 Fed.Appx. 70, 2012 WL 5440079, at *1 (7th Cir. Nov. 8, 2012) (citing *United States v. Hemmings,* 258 F.3d 587, 594 (7th Cir. 2001)). To clarify, a statute violates the Ex Post Facto Clause if it applies to events occurring before the statute's enactment and either alters the definition of criminal conduct or increases the punishment for a crime. *See Lynce v. Mathis,* 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The key inquiry when evaluating ex post facto claims "is whether the law changes the legal consequences of acts completed before its effective date." *Weaver v. Graham,* 450 U.S. 24, 31, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

Here, Miranda's prosecution under Section 922(g)(1) did not violate the Ex Post Facto Clause because the prohibited conduct — his possession of a firearm — occurred after the enactment of Section 922(g). *See Hemmings,* 258 F.3d at 594. Meanwhile, whether Miranda's

5

predicate felony conviction occurred before or after the enactment of the statute is of no consequence. *See id.*; *see also United States v. Mitchell,* 209 F.3d 319, 322-23 (4th Cir. 2000).

Because Section 922(g)(1) is not an ex post facto law and does not violate the Ex Post Facto Clause as applied to Miranda, his claim that his counsel was constitutionally ineffective for advising him to plead guilty due to any such deprivation is without merit. As such, trial counsel's performance was not deficient under *Strickland*. *See Warren,* 712 F.3d at 1104 ("Counsel is not ineffective for failing to raise meritless claims."); *see also Yu Tian Li,* 648 F.3d at 527-28 (a court's "review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."). Moreover, Miranda does not argue — let alone establish — that there is a reasonable possibility that, but for his trial counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *See Hill,* 474 U.S. at 59. Therefore, Miranda's first ineffective assistance of trial counsel claim fails because he has not established either the performance or prejudice prongs as required by *Strickland*.

      **B.**      **Commerce Clause/Tenth Amendment Argument**

Miranda's next Sixth Amendment ineffective assistance of counsel argument first focuses on the federal court's jurisdiction over his criminal prosecution. Construing his pro se filings liberally, he argues that the federal government had no authority to prosecute him because he was originally charged in state court with state crimes. The Seventh Circuit, however, has repeatedly rejected this argument and its variants. *See, e.g., Stuart v. Rech,* 603 F.3d 409, 412 (7th Cir. 2010); *United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001). Indeed, the superseding indictment charged Miranda with federal drug and gun crimes and 18 U.S.C. §

6

3231 furnishes subject matter jurisdiction for all criminal prosecutions under the United States Code. *See United States v. Burke,* 425 F.3d 400, 408 (7th Cir. 2005).

Next, Miranda contends that the conspiracy statute, 21 U.S.C. § 846, the possession with intent to distribute statute, 21 U.S.C. § 841(a)(1), and Section 922(g)(1) violate the Commerce Clause, and thus his trial counsel's advice that he plead guilty constituted ineffective assistance of counsel under the Sixth Amendment. Miranda is not the first criminal defendant to challenge Congress' authority to promulgate federal drug and gun charges under its enumerated power under the Commerce Clause to no avail. *See, e.g., United States v. Williams,* 410 F.3d 397, 400 (7th Cir. 2005); *United States v. Mercado,* 41 Fed.Appx. 891, 892, 2002 WL 1732614, at *1 (7th Cir. July 25, 2002) (unpublished).

Meanwhile, in rejecting the Commerce Clause argument in the context of the federal drug laws, the Seventh Circuit explained:

> [I]t is common knowledge that the traffic in most illegal drugs — certainly including cocaine, the drug involved in this case, very little of which is manufactured in the United States because no coca is grown here — is national or (in the case of cocaine) international rather than local. Of course there are local sales of the drugs, at the end of the commerce chain; but these, taken in the aggregate, certainly affect the interstate and international traffic in these drugs, and that is the only handle that Congress requires to be empowered by the commerce clause to legislate with respect to the local sales.

*United States v. Dawson,* 425 F.3d 389, 392 (7th Cir. 2005). In short, "it was within the authority of the Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. §§ 846 and 841." *United States v. Westbrook,* 125 F.3d 996, 1009 (7th Cir. 1997). Similarly, it is well-established that Section 922(g) is a valid exercise of Congress' power under the Commerce Clause because the statute requires proof that a defendant possessed a firearm "in or affecting commerce." *See United*

*States v. Rice,* 520 F.3d 811, 815 (7th Cir. 2008); *United States v. Wesela,* 223 F.3d 656, 659-60 (7th Cir. 2000).

Miranda also argues that the statutes under which he was convicted violate the Tenth Amendment, yet "when Congress acts pursuant to an enumerated power, there can be no violation of the Tenth Amendment." *United States v. Wilson,* 159 F.3d 280, 287 (7th Cir. 1998); *see also New York v. United States,* 505 U.S. 144, 156, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992) ("[i]f a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States"). As discussed above, Congress engaged in a valid exercise of its power under the Commerce Clause in enacting Sections 841, 846, and 922(g).

Hence, trial counsel's performance was not constitutionally deficient for advising Miranda to plead guilty because Miranda's Commerce Clause and Tenth Amendment arguments are without merit. *See Warren,* 712 F.3d at 1104. Also, Miranda does not argue that there is a reasonable possibility that but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *See Hill,* 474 U.S. at 59; *Warren,* 712 F.3d at 1101. Therefore, Miranda has failed to establish the *Strickland* prejudice and performance prongs under the circumstances.

## II. Evidentiary Hearing

Because the motion, files, and records of this case conclusively establish that Miranda is not entitled to any relief under Section 2255, the Court need not hold an evidentiary hearing under the circumstances. *See Yu Tian Li,* 648 F.3d at 532; *Koons v. United States,* 639 F.3d 348, 354-55 (7th Cir. 2011); 28 U.S.C. § 2255(b).

**III.    Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Therefore, the Court must determine whether to grant Miranda a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present Memorandum, Opinion, and Order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his Section 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *Fleming,* 676 F.3d at 625. Under this standard, Miranda must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Here, Miranda has not established that jurists of reason would debate that his Section 2255 motion should have been resolved differently in light of the fact that his ineffective assistance of counsel claims have no merit. *See Warren,* 712 F.3d at 1104 ("Counsel is not ineffective for failing to raise meritless claims."). Accordingly, the Court declines to certify any issues for appeal.

## CONCLUSION

For these reasons, the Court denies Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** August 19, 2013

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**